In the matter of the appeal of LUTHER F. PITCHER and LOUIS S. PITCHER from an order of the orphans court of Monmouth county.

[Filed October 23d, 1900.]

The statute provides that to prevent an administrator's sale of land, the heirs may give bonds, to be approved by the orphans court, for payment to the administrator of whatever money may be needed to discharge the remaining debts of the deceased. The personal estate of decedent

amounted to $260. The claims filed were $127.31 and over $1,100 in notes, made by deceased directly to his widow, who was the administratrix. On application by the administratrix for leave to sell land, the heirs offered to give bond to pay all the debts, except the notes. *Held*, that an order for sale was proper, since the orphans court could not determine the validity of claims, on application for leave to sell land, and the offer of the heirs was not in conformity with the statute.

*Mr. Frank P. McDermott*, proctor for the appellant.

*Mr. Aaron E. Johnston*, proctor for the respondent.

REED, VICE-ORDINARY.

This is an appeal from the order of the orphans court of Monmouth county to sell lands, upon the application of the administratrix, stating that the personal property of her intestate was insufficient to pay the debts of the estate. The intestate owned two tracts of land and about two hundred and sixty dollars' worth of personal property. His widow administered. The claims presented were for surrogate fees, $21.81; funeral expenses, $103; medical attendance, $2.50, and notes of the intestate held by his widow, made directly by him to her, amounting to $1,132.03.

On the return day of the rule to show cause why the estate should not be sold, two sons of the intestate opposed the sale, and offered to pay the first three of these claims or to give bonds to pay them. They now appeal from the order of sale made.

It is settled that, upon an application to sell real estate on account of a deficiency of personal property to pay debts, the orphans courts have no right to try the validity of the debts of those who have filed claims with the executor or administrator. The only subject of inquisition by the court is whether the claims made to the administrator are correctly stated by him. *Smith* v. *Smith, Administrator, 12 C. E. Gr. 445; Middleton* v. *Middleton, 8 Stew. Eq. 115; Partridge* v. *Partridge, 1 Dick. Ch. Rep. 434; S. C. on appeal, 2 Dick. Ch. Rep. 601.* This inability of the orphans court to try the validity of a presented claim was one of the grounds upon which Chancellor McGill, in the

case of *First Baptist Church of Hoboken* v. *Syms, 6 Dick. Ch. Rep. 363,* entertained a suit in chancery to set aside, as fraudulent, a judgment presented as a debt to an executor. He said that the serious injury to the complainant was manifested in the necessity it occasioned for the submission of the real estate to a forced and, perhaps, sacrificial sale to unnecessarily raise a large sum of money. As there was no way of attacking the judgment in the orphans court, the only resort left to those interested in the real estate was in a court of equity.

The orphans court then having the claims reported to it by the administratrix was bound to make the order, unless the heirs of the intestate took advantage of the statutory provision for giving bond for the payment of the debts. The heirs offered to give bond for the payment of some, but not all the debts. The statutory language is that they may appear before the court and enter into bonds to the executor or administrator, in such sums and with such sureties as the court shall approve, conditioned for the payment to such executor or administrator of so much money as may be required to pay the residue of the debts of the testator or intestate. The offer of the heirs, therefore, was not in conformity with the statute, and left nothing for the orphans court to do but what it did.

The decree is affirmed.